UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMIR THOMAS,                                                    14 CV 6863 (RJD) (CLP)

                Plaintiff,                            AMENDED
                                                          COMPLAINT AND
   - against -                                                  JURY TRIAL DEMAND

P.O. RAMON PORTILLO, Shield No. 4974,
P.O. GABRIEL CUEVAS, Shield No. 26461,
P.O. LEANDRO CRUZ, Shield No. 00375,
P.O. JOONGSUK HWANG, Shield No. 18437,
P.O. JUSTIN KELLY, Shield No. 08193,
SERGEANT THOMAS HARDELL, Shield No. 05091,
THE CITY OF NEW YORK,

                Defendants.
-----------------------------------------------------------------X

       Plaintiff, AMIR THOMAS, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth amendment to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

### VENUE

       5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, AMIR THOMAS, was and is a natural person, who resided in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. RAMON PORTILLO, Shield No. 4974 (hereinafter "PORTILLO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. GABRIEL CUEVAS, Shield No. 26461 (hereinafter "CUEVAS") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. LEANDRO CRUZ, Shield No. 00375 (hereinafter "CRUZ") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. JOONGSUK HWANG, Shield No. 18437 (hereinafter "HWANG") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant P.O. JUSTIN KELLY, Shield No. 08193 (hereinafter "KELLY") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant SERGEANT THOMAS HARDELL, Shield No. 05091 (hereinafter "HARDELL") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. The individual defendants are sued in their individual capacities.

16. On or about November 19, 2013, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

18. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
(42 U.S.C. §1983)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. On or about August 26, 2013, at approximately 3:30 A.M., plaintiff was walking back to his residence after having purchased some items at a store.

21. At the aforementioned time, two unmarked New York City Police Department vehicles pulled up next to where plaintiff was walking.

22. Plaintiff, who was in possession of a firearm, ran.

23. Plaintiff threw the firearm that he had been carrying under a parked motor vehicle.

24. When plaintiff saw a marked New York City Police Department motor vehicle driving towards him, he ran onto the sidewalk in front of the premises 1064 Hancock Street and stopped.

25. One or two of the individual defendants tackled plaintiff, causing him to fall to the ground.

26. Plaintiff offered no resistance but, nevertheless, the individual defendants, yelled at him to stop resisting, struck him with hard objects and kicked him both while he was being handcuffed and after he had been handcuffed.

27. Plaintiff was taken to the stationhouse of the 83rd Precinct.

28. An ambulance arrived at the stationhouse and transported plaintiff to Woodhull Medical Center for treatment of the injuries he had sustained in the aforementioned beating.

29. While he was present at Woodhull Medical Center, a member of the Police Department, upon information and belief assigned to the Internal Affairs Bureau, arrived and interviewed him.

30. After being treated for injuries to his mouth, teeth, face and left eye, plaintiff was transported back to the stationhouse of the 83rd Precinct.

31. However, plaintiff began to develop severe leg pains as a result of the aforementioned beating he had received from the individual defendants and, thus, had to be taken back to Woodhull Medical Center for further treatment.

32. While being transported to Woodhull Medical Center the second time, plaintiff observed that there were a number of insects crawling on his body.

33.     Upon and information and belief, these insects had been picked up by plaintiff from the unsanitary bathroom that he used at the stationhouse of the 83rd Precinct.

34.     Before plaintiff was seen by doctors at Woodhull Medical Center on his second visit, he showered so as to wash the insects off his body.

35.     After the second visit to Woodhull Medical Center, plaintiff was finally taken to Central Booking.

36.     Ultimately, plaintiff pleaded guilty to criminal possession of a weapon in the third degree and is presently serving a sentence in a New York State correctional facility.

37.     The individual defendants hereto, while acting under the color of state law, violated plaintiff's right to be free from excessive force guaranteed to him by the fourth amendment to the Constitution of the United States in that, without having any probable cause to do so, they threw him to the ground with great force and violence and severely beat him, and thereby caused injuries to his right and left feet, ankles, knees and legs; broke two of his teeth; cut his lower lip; lacerated his left upper eyelid and left eyebrow; bruised various parts of his body; and caused him to have blurry vision, all rendering him sick, sore, lame and disabled, and causing him severe pain.

38.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
### (Battery)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" hereinabove as if more fully set forth at length herein.

40. On or about August 26, 2013, at approximately 3:30 A.M., in front of the premises with the address 1064 Hancock Street, in the County of Kings, City and State of New York, the individual defendants to this action offensively touched plaintiff by throwing him to the ground, striking him with hard objects and kicking him, thereby causing injury to his face, mouth, teeth, left eye and legs.

41. The aforementioned force used by the individual defendants hereto was not reasonable under the circumstances.

42. At the aforementioned time and place, the individual defendants hereto were acting within the scope of their employment by defendant CITY OF NEW YORK.

43. By reason of the aforementioned battery committed against him by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered serious physical injury and severe pain and was rendered sick, sore, lame and disabled.

44. As a result of the battery committed upon him by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants hereto.

WHEREFORE, plaintiff, AMIR THOMAS, demands judgment against defendants, P.O. RAMON PORTILLO, Shield No. 4974, P.O. GABRIEL CUEVAS, Shield No. 26461, P.O. LEANDRO CRUZ, Shield No. 00375, P.O. JOONGSUK HWANG, Shield No. 18437, P.O. JUSTIN KELLY, Shield No. 081931, SERGEANT THOMAS HARDELL, Shield No. 05091 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
March 31, 2015

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2288